IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tonya R. Chapman, | ) | |
| | ) | Civil Action No. 6:17-cv-1072-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sarah Day Hurley, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Tonya R. Chapman ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action asserting claims of defamation, libel, perjury and assault against Defendant Sarah Day Hurley. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's action be dismissed without prejudice and without issuance and service of process. (ECF No. 9). Plaintiff was advised of her right to file objections to the Report (ECF No. 9 at 8–9) and filed timely objections. (ECF No. 13). On November 2, 2017, Plaintiff filed a motion for judgment as a matter of law (ECF No. 18) and a motion for judgment as a matter of law on fraud upon the court and falsification (ECF No. 19).[1] On November 29, 2017, Plaintiff filed a motion for a show cause hearing and judgment as a matter of law for fraud upon the court and falsification. (ECF No. 21).

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

---

[1] Plaintiff fails to provide a standard for her motions for judgment as a matter of law, however, the court will liberally construe the motions as motions for summary judgment. *See* Fed. R. Civ. P. 56(a).

1

Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his report, the magistrate judge recommends that the court dismiss Plaintiff's action because (1) any communications by Defendant that Plaintiff complained of were absolutely

privileged as arising out of a judicial proceeding, (2) perjury is not a recognized civil action under the South Carolina Code, and (3) Plaintiff fails to allege facts sufficient to state a claim for assault. (ECF No. 9 at 4–7).

In her objections, Plaintiff fails to specifically object to any dispositive portion of the magistrate judge's Report. Rather, Plaintiff recites Federal Rule of Civil Procedure 60(b) and asserts that a court may set aside a judgment based on fraud on the court. However, Plaintiff fails to allege any facts satisfying the requisite elements. Plaintiff merely states in a conclusory manner that "Defendant committed a 'fraud on the court'" and that she has provided several documents of fraud. (ECF No. 13 at 4).

Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake, inadvertence, surprise, or neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). Furthermore, pursuant to Rule 60(d) a court has the "power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). However, not all fraud is considered to be fraud on the court. *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982). Courts have held that fraud on the court "should be construed very narrowly," and "is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Id.* "By contrast, perjury and fabricated evidence alone, being evils which can be exposed by the normal adversary process, do not constitute grounds for relief as 'fraud on the court.'" *Rainwater v. Mallas,* C.A. No. 94-1122, 1994 WL 712570, at *2 (4th Cir. Dec. 23, 1994) (per curiam) (*citing Great Coastal*

3

*Express,* 675 F.2d at 1357); *see also In re Genesys Data Techs., Inc.,* 204 F.3d 124, 130–31 (4th Cir. 2000). The court finds that, even assuming Plaintiff's allegations of fact as true, Plaintiff fails to satisfy the standard for setting aside a judgment for fraud on the court.

Even if Plaintiff were to amend her complaint, it would not change the fact that (1) Defendant's statements, made during the course of a judicial proceeding, are absolutely privileged and (2) perjury is not recognized as a civil action under the South Carolina Code. Further, this is Plaintiff's third action filed against defendant Hurley.[2] Both substantially similar prior actions were subject to summary dismissal.[3] This action is the first in which Plaintiff alleges assault. However, Plaintiff offered no factual allegations to support for her claim; rather, she merely listed assault as a cause of action in her complaint (ECF No. 1 at 5) and never addressed it again. In his Report, the magistrate judge found that Plaintiff provided no factual support for her assault claim. (ECF No. 9 at 6). The court agrees with the magistrate judge's finding that Plaintiff's single-word allegation of assault is insufficient to state a claim. (ECF No. 1 at 5). In her objections, Plaintiff did not contest or object to this finding of the magistrate judge's Report.[4] (ECF No. 13). *See United States v. Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir. 1984) (failure to file a specific objection constitutes waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge).

---

[2] Plaintiff filed two substantially similar previous actions against defendant Hurley in 2016, *Chapman v. Hurley*, C.A. 6:16-3308-TMC, 2016 WL 445638 (D.S.C. Feb. 2, 2017) and *Chapman v. Hurley*, C.A. 6:16-1913, 2016 WL 3964665 (D.S.C. July 25, 2016).

[3] The court can take judicial notice of its records in other actions between the same parties. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice is in noticing the content of court records."); *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records); *see also Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("The District Court clearly had the right to take notice of its own files and it had no duty to grind the same corn a second time. Once was sufficient.").

[4] Nor did Plaintiff seek to amend her complaint to attempt to remedy the issue.

Accordingly, while the court liberally construed Plaintiff's pro se complaint, Plaintiff must provide more than mere conclusory statements to state a claim. *See Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim). Moreover, her failure to address this issue in her objections leads the court to find that dismissal of this claim is appropriate.

The court has thoroughly reviewed the Report of the magistrate judge and the filings in this case. For the reasons set forth above and by the magistrate judge, the court overrules Plaintiff's objections and hereby adopts the Report (ECF No. 9) and incorporates it herein. Based on the foregoing, Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process; as such, Plaintiff's motions for judgment as a matter of law (ECF Nos. 18 and 19) and motion for a show cause hearing and judgment as a matter of law (ECF No. 21) are **DENIED as MOOT**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 18, 2018
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.